```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
JORDAN RANDOLPH,

                    Plaintiff,
                                            MEMORANDUM AND ORDER
          -against-
                                            20-CV-4719(KAM)(LB)

ANDREW CUOMO, Governor of New York;
et al.,

                    Defendants.
---------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge**:

On September 30, 2020, *pro se* plaintiff Jordan A. Randolph ("Plaintiff"), incarcerated at the Suffolk County Correctional Facility, commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights related to his arrest and prosecution following a car accident on January 12, 2020 in Suffolk County, New York.[1]  Plaintiff's request to proceed *in forma pauperis* is GRANTED.  For the reasons that follow, Plaintiff's claims against Governor Andrew Cuomo, Suffolk County Executive Steven Bellone, Suffolk County Chief of Police Stuart Cameron, Suffolk County District Attorney

---

[1] Plaintiff named as defendants: New York Governor Andrew Cuomo, Suffolk County Executive Steven Bellone, Suffolk County Police Chief Stuart Cameron, Suffolk County District Attorney Timony Sini, Suffolk County Assistant District Attorney Jacob DeLauter, police officers Brian Noonan, Cassidy Lessard, and Brian Koch, and detective Denal Hughes.  The titles, but not the names, of Officers Koch and Lessard and Detective Hughes were included in the case caption.  The Clerk of Court is respectfully requested to correct the caption to include the names of these defendants.

1

Timothy Sini, and Assistant District Attorney Jacob DeLauter are DISMISSED. Plaintiff's request that this court dismiss the criminal charges that are pending against him is also DISMISSED. The complaint may proceed against the remaining individual defendants.

## Background

The following alleged facts are drawn from Plaintiff's complaint, and are assumed to be true for purposes of this Memorandum and Order. *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (at the pleading stage of the proceeding, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint).

"On January 12, 2020 at approximately 4:10 a.m. in the town of Shirley, New York in Suffolk County, [t]he Plaintiff, Jordan Randolph, was involved in a [deadly] motor vehicle accident at 1491 William Floyd Parkway." (ECF No. 1, Complaint ("Compl."), at 3.) Plaintiff alleges that he hit "an already overturned vehicle," driven by an individual who "was impaired by marijuana, ADHD, and corrective vision" on a rainy night. (*Id.* at 3-4.) Plaintiff alleges that Suffolk County police officers Brian Noonan, Cassidy Lessard, and Brian Koch arrived at the scene and proceeded to punch and kick him repeatedly, drag him into the street, and, while using a racial epithet, one of the officers threatened to kill him while kneeling on the

back of Plaintiff's neck. (*Id.* at 4.) Plaintiff stated, "I can't breathe," and one of the officers responded, "Yes you can, you're not dead yet." (*Id.* at 5.) Plaintiff was arrested and taken to the hospital, where he was sedated while still in the custody of Officer Noonan. (*Id.*)

The next day, on January 13, 2020, Plaintiff was charged with and arraigned on a charge of driving while intoxicated. (*Id.* at 6.) On January 29, 2020, Plaintiff was charged with, *inter alia*, vehicular homicide. (*Id.*) Plaintiff alleges that he was sedated when his *Miranda* rights were read to him by Officer Noonan at the hospital on January 13. (*Id.*) Plaintiff further alleges that Officer Noonan "falsified his statement' to obtain the warrant to extract [Plaintiff's] blood, that [Officers] Noonan, Lessard and Koch falsified the police report, and that, on January 13, 2020 and January 15, 2020 respectively, Detective Danal Hughes knowingly obtained a false statement from an eyewitness and planted a beer bottle and marijuana in Plaintiff's impounded vehicle." (*Id.* at 6-8.)

Plaintiff also alleges that Governor Andrew Cuomo's March 2020 suspension of Section 30.30 of the New York Criminal Procedure Law's speedy trial limitations deprived him of his constitutional right to liberty, and resulted in an excessive detention of 230 days (as of the date of complaint). (*Id.* at 9.) Plaintiff also alleges malicious prosecution by Suffolk

3

County District Attorney Timothy Sini and Assistant District Attorney Jacob DeLauter. (*Id.*)

Plaintiff's complaint seeks dismissal of the pending criminal charges against him, and damages from the defendants. (*Id.* at 12-13.)

## Legal Standard

The Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents, and dismiss the complaint, or any portion of the complaint, if the complaint or a portion of it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is "mandatory"). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The court construes *pro se* pleadings liberally, particularly where they allege civil rights violations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still,

4

while courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotation marks and citations omitted), a complaint must plead enough facts, "accepted as true, to state a claim to relief that is plausible on its face," *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (quotation marks omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks omitted). Similarly, a complaint is insufficient to state a claim "if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quotation marks and alteration omitted).

To sustain a claim under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege that (1) "the conduct complained of [was] . . . committed by a person acting under color of state law," and (2) the conduct "deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United

States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983.") (quotation marks omitted).

## Discussion

### I. Claims Against Individual Defendants

To sustain a Section 1983 claim against a defendant, a plaintiff "must demonstrate [each] defendant's direct or personal involvement" in the actions that are alleged to have caused the deprivation of the plaintiff's constitutional rights. *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016); *Holmes v. Kelly*, No. 13-cv-3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014). A plaintiff must also "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986); *Andino v. Fischer*, 698 F. Supp. 2d 362, 381 (E.D.N.Y. 2010).

Liability under Section 1983 cannot be generally imposed on a supervisor solely based on his or her position; there is no *respondeat superior* or vicarious liability under Section 1983. *See, e.g.*, *Iqbal*, 556 U.S. at 676 ("Because

vicarious liability is inapplicable to *Bivens* and [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)).

### A. County Executive Ballone and Police Chief Cameron

Plaintiff named as defendants Suffolk County Executive Steven Ballone and Police Chief Stuart Cameron.  As to these two defendants, Plaintiff asserts only the following allegations: that Mr. Bellone is aware of the alleged wrongful actions of the police officers and other officials because he is their supervisor, that Mr. Cameron is also aware because he is "responsible for any and all actions whether legal or illegal" when officers are acting on the behalf of the Suffolk County Police.  (Compl. at 11.)

Plaintiff seeks to hold these two Suffolk County officials liable for their subordinates' actions or for their failure to act.  However, an "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'"  *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74) (2d Cir. 1996)).  A Section 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law.  *See Johnson v. Barney*, 360

7

F. App'x 199, 201 (2d Cir. 2010). Consequently, the Section 1983 claims asserted against Steven Ballone and Stuart Cameron are not plausible, and are dismissed for failure to state a claim.[2]

### B. District Attorney Sini

Plaintiff also named Suffolk County District Attorney, Timothy Sini as a defendant, but does not assert that Mr. Sini was personally involved in the alleged deprivation of Plaintiff's civil rights, and there is no indication that Mr. Sini was personally involved in the alleged incidents giving rise to this action. The only basis for Plaintiff's claim against Mr. Sini is that the charges filed against Plaintiff were filed in Suffolk County, and were therefore the responsibility of District Attorney Sini's office. That alone does not qualify as personal involvement. As discussed, liability under Section 1983 cannot be generally imposed on a supervisor solely based on his position. *See, e.g.*, *Iqbal*, 556 U.S. at 676.

Even if District Attorney Sini were personally involved in the decision to prosecute Plaintiff, and there is no indication in the complaint that he was, Mr. Sini would be

---

[2] Plaintiff could also not make out a claim against the County, because he does not allege County-sanctioned policies or customs that specifically led to the alleged constitutional violations, or allege any facts that could support such a conclusion. Nor does he allege a single fact concerning "inadequate procedures and guidelines" that the police officers followed.

entitled to absolute immunity. Prosecutors performing duties related to their prosecutorial function are protected by absolute immunity, and thus Plaintiff cannot assert a Section 1983 claim against a district attorney in his individual capacity. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 486 (1991) ("[P]rosecutors are absolutely immune from liability under [Section] 1983 for their conduct in initiating a prosecution and in presenting the State's case.") (quotation marks omitted); *Warney v. Monroe Cty.*, 587 F.3d 113, 120–21 (2d Cir. 2009) (prosecutors are protected by absolute immunity if "they were functioning as advocates when they engaged in the challenged conduct") (quoting *Doe v. Philips*, 81 F.3d 1204, 1209 (2d Cir. 1996)); *Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005) (holding that a prosecutor acting "within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under [Section] 1983") (quotation marks omitted); *Santulli v. Russello*, 519 Fed. Appx. 706, 711 (2d. Cir. 2013) ("It is well settled that a prosecutor is entitled to absolute immunity for acts undertaken pursuant to her traditional function as an advocate in the prosecutorial process."). In addition, Plaintiff's claim for monetary damages against Mr. Sini in his official capacity is barred by the Eleventh Amendment doctrine of sovereign immunity. *See Amaker*

*v. N.Y. State Dept. of Corr. Servs.*, 435 Fed. Appx. 52, 54 (2d Cir. 2011).

Because Plaintiff has not alleged facts suggesting District Attorney Sini's personal involvement, and because Mr. Sini is immune from suit, Plaintiff's claims against him are dismissed.

### C. Assistant District Attorney DeLauter

Plaintiff does allege the personal involvement of Assistant District Attorney Jacob DeLauter in the prosecution of Plaintiff.  However, for the reasons discussed above, claims against prosecutors are barred.  Mr. DeLauter is entitled to absolute immunity with respect to his alleged involvement in the decision to prosecute Plaintiff.  Plaintiff's claim against Assistant District Attorney DeLauter is, therefore, dismissed.

### D. Governor Cuomo

Plaintiff named the Governor of New York, Andrew Cuomo, as a defendant, alleging that his executive orders, issued in response to the ongoing COVID-19 pandemic,[3] have violated Plaintiff's constitutional rights by suspending the

---

[3] On March 20, 2020, Governor Cuomo issued Executive Order 202.8, suspending the speedy trial limitations of Section 30.30 of the Criminal Procedure Law. 9 NYCRR 8.202.8  The suspension was continued by subsequent executive orders, including Executive Order 202.48.  9 NYCRR 8.202.48.  By Executive Order 202.60, issued September 4, 2020, Governor Cuomo modified the suspension of Section 30.30 of the Criminal Procedure law "to require that speedy trial time limitations remain suspended in a jurisdiction until such time as petit criminal juries are reconvened in that jurisdiction."  9 NYCRR 8.202.60.

10

speedy trial time limitations of New York Criminal Procedure 30.30.

The entirety of Plaintiff's allegations against Governor Cuomo are contained in a single paragraph in the complaint related to these executive orders, and the only remedy sought by Plaintiff in connection with his prolonged detention is damages. (Compl. at 9, 12-13.) A Section 1983 claim for damages against Governor Cuomo in his official capacity is barred by the Eleventh Amendment. *See Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir.2003) (the Eleventh Amendment "bars the award of money damages against state officials in their official capacities."). Plaintiff's complaint, even liberally construed, does not bring a claim for damages against Governor Cuomo in his individual capacity, nor does it seek injunctive relief against the State of New York. Thus, Plaintiff's claim against Governor Cuomo is dismissed.[4]

## II.  Dismissal of Criminal Charges

In addition to his allegations against the individual defendants, Plaintiff "seeks a dismissal of all pending charges that have violated the Plaintiff['s] constitutional rights." (Compl. at 13.) The Supreme Court has established that *habeas*

---

[4] Moreover, "the court notes that although CPL § 30.30 is entitled a 'speedy trial' statute, the history of its adoption makes evident that it addresses only the problem of prosecutorial readiness, and is not a speedy trial statute in the constitutional sense." *People v. Haneiph*, 745 N.Y.S.2d 405, 408 (Sup. Ct. Kings Cty. 2002).

relief is the exclusive remedy in federal court for a state prisoner seeking a release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (When a prisoner is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*."); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

A state prisoner may not circumvent the exhaustion prerequisites for *habeas corpus* relief by requesting such relief under Section 1983. *Preiser*, 411 U.S. at 489-90. Since Plaintiff's complaint does not demonstrate that Plaintiff exhausted his state remedies in accordance with 28 U.S.C. § 2254(b) and (c), and in fact he has not yet been convicted of the crime with which he is charged, a *habeas* petition would be dismissed as premature. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Picard v. Conner*, 404 U.S. 270, 275 (1971).

Accordingly, this federal court does not have the authority to dismiss the state charges pending against Plaintiff.

## Conclusion

Plaintiff's motion to proceed *in forma pauperis* is GRANTED.

Plaintiff's claims against Governor Andrew Cuomo, Suffolk County Executive Steven Bellone, Suffolk County Chief of Police Stuart Cameron, Suffolk County District Attorney Timothy Sini, and Assistant District Attorney Jacob DeLauter are *sua sponte* dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Clerk of Court is respectfully requested to terminate those parties as defendants.

Plaintiff's Section 1983 claim may proceed against defendant police officers Brian Noonan, Cassidy Lessard, Brian Koch, and Detective Denal Hughes. The Clerk of Court is directed to issue a summons to these defendants, and the United States Marshals Service is directed to serve the complaint and the summons on these defendants, without prepayment of fees, as soon as practicable after the suspension of service by the United States Marshals Service is lifted.

The court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is further directed to serve a copy of the complaint and this Memorandum and Order on the Suffolk County Attorney, and to update the case caption to reflect the defendants that remain in this case. Lastly, the Clerk of the Court is directed to mail a copy of this Memorandum and Order to Plaintiff and note the mailing on the docket.

**SO ORDERED.**

Dated:  Brooklyn, New York
        November 2, 2020

                                            /s/
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge