FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   FEB 25 2021   ★

BROOKLYN OFFICE

United States District Court
Eastern District of New York

Jordan Randolph

        Plaintiff,

                             Reply to The
                             Defendants Answer

-Against-

                             20-cv- 4719 (KAM)(LB)

Police Officer, Brian Noonan, Shield #6863
Police Officer, Brian Koch, Shield #6279
Detective, Donal Hughes, Shield #1312
Police Officer, Cassidy Lessard, Shield #6691

                Defendants

RECEIVED
FEB 25 2021
PRO SE OFFICE

    I, Jordan Randolph, appears in the above captioned civil rights complaint and proceeding with full interest in the results of such matter.

    I am above the legal age of 18 years old and give my knowledge with consent to the following information thats supplied.

    I am a United States Citizen; as well as, a New York State resident to whom resides in the County of Suffolk thats a local territory.

    This moving document is a Reply to the Defendant's Attorney, Dennis M. Cohen, the Suffolk County Attorney and Stacy A. Skorupa, Assistant County Attorney, who are located at the address for mailing service, 100 Veteran's Memorial

Highway, P.O. Box #1600, Hauppauge, New York 11788-0099. Which is to be deemed effective upon the named defendants and also any additional defendants if necessary.

On the date of December 23rd, 2020. The Defendant's Attorney Stacy A. Skorupa filed a Answer to the Plaintiff's civil rights Complaint, which they alleged a number list of Affirmative Defense to prevent the proceeding from moving accordingly.

Therefore, the Plaintiff oppose each and every Affirmative Defense that was alleged to not have violated any United States Constitution, state and local laws that bind each defendants employment and duty of obligation while acting under the color of Federal and state law that must not be substituted out of accordance it their own unofficial judgment that make their omissions illegal in itself.

As and for the first Affirmative Defense,

The Complaint establish the Claim that the Plaintiff United States Constitution of the 5th, 6th, 8th and 14th Amendment was infringed upon by each action of the Defendant(s) obligated duty under the State law they neglected. The Plaintiff was subjected to wanton infliction of harm. The relief must be granted against anyone who acts on behalf of a government body deprives someone of life, liberty and property. Once the infliction is irreparable harm that shocks someone's Consciousness, relief is granted when there is a clear showing of a Supported Claim as with

the plaintiff.

As and for the Second Affirmative Defense

The damages that was sustained by the Plaintiff was caused by the official misconduct, by the Suffolk County Police Officers who substituted their legal obligated duties of a Police Officer while acting under the Color of State law. They ill-fated disregards intentionally neglected the Plaintiff's United States Constitutional Amendment to be protected from excessive use of force. The Plaintiff's Cooperating conduct wasn't a way to release their abuse of authority. The sustained injuries are beyond minor bumps and bruises that may come with a arrest. There was never any documentation of any injuries that was caused by my own negligent behavior.

As and for the third Affirmative Defense

The Complaint clearly established all sufficiency to constitute a deprivation of the Constitutional rights that each defendant violated pursuant to the 5th, 6th, 8th and 14th Amendment and there are supporting documents to all the Claims described in the Civil rights Complaint.

As and for the fourth Affirmative Defense;

There is no rules or regulation that is elected to be suspended during a arrest for a Crime that alter or changes the Status of a Suffolk County Police Officer's obligation under the Color of State law, which actions inflicted any unwanted behavior that will intentionally deprive the Plaintiff their Clearly established Constitutional rights that are protected. There is no ordinance or executive decision that allow any official to act outside the Statutory guidelines of their training and employment without violating such United States Constitution they been provided with to follow.

As and for the fifth Affirmative Defense,

The defendants have no Custom or usage adopted, that will allow their behavior to be justified legally, that will still Safeguard the rights of the Plaintiff and not be infringed upon while acting under the Color of State law. Therefore, there would be no basis for this Complaint to exist and prevail under this or anyother federal jurisdiction if it was so.

As and for the Sixth Affirmative Defense,

Each Defendant acted in their own individual and official Capacity, Which Superior and Vicarious liability do apply in a Civil rights Complaint if it can be established that both Defendants acted

together, with the same intention and knowledge of knowing their actions caused a United States Constitution violation and the Superior disregarded any and all procedures of prevention.

As and for the Seventh Affirmative Defense,

The municipal Defendants are liable for any and all punitive damages that are Caused by their legal obligatory duties, when they operate as a member of a government body as a individual or a group who intentionally created a way to cause harm to someone. Which if is at the expense of liberty or not that was grossly negligent without the prevention disregards to what they were doing in their mind state, while under the Color of State laws. There is no Shield to protect someone and or group from who disregard the United States Constitution rights of its Citizens if was Constructed to protect from harm.

As and for the Eighth Affirmative Defense,

The Eastern District Court of New York, must exercise its jurisdiction of this Subject matter. The geographical/ territory is properly established with the limits this Court have and therefore intervene in such proceeding is appropriate. This Court has been clearly established as having jurisdiction by other United States Constitution civil rights Complaint brought before this Court that arose in this County that the violations occurred in. The lack of Subject matter is inappropriate at this time. This Court is deemed to be the appropriate venue to exercise its federal authority according to

the applicable guidelines and Statutes.

As and for the Ninth Affirmative Defense,

The Plaintiff have complied with all the Statutory conditions that is considered to be a cause to give rise in a action against any and all municipal Defendants. There is no legal obligation attached to the Plaintiff United States Constitution rights that prohibits this Civil Complaint action regardless of what is set forth in the New York General municipal law. The Plaintiff is not bound by any prevention of any precedented law when he is not a employee, who duty is binded by his obligation. Therefore, a Statutory Condition does not have to be met by the burden of the Plaintiff when he did not violate anyone's United States Constitution.

As and for the Tenth Affirmative Defense

The Plaintiff's claims are not to be barred in whole or part by the doctrines of collateral estoppel and/or res judicata. The Plaintiff have not seek for any relief of what give rise to this Civil rights Complaint. Any criminal proceeding that the plaintiff is a party of is under a different subject matter and is not in junction to interfere with such outcome of this matter. Therefore, these claims are not barred by the Defendant's Affirmative Defense.

As and for the Eleventh Affirmative Defense,

The Plaintiff reply to the barred doctrines of collateral estoppel and the Supremacy Clause of the United States Constitution are as the same depicted in the reply to the tenth Affirmative Defense. The Defendants are not protected by the doctrines and Supremacy clause once they step outside the guidelines of their statutory duty of obligation, when they act under the color of state law to deprive a individual their clearly established rights knowingly and willingly when there is no protection of a minimum effort to make sure its not in jeopardy.

As and for the twelfth Affirmative Defense,

The Plaintiff's claims are not barred in whole or part by the statute of limitation. The Plaintiff complaint was created within all the legal and statutory guidelines that were set forth in any precedented caselaw and this Court regulations as to when a complaint is or not prohibited. This Court reviewed the Civil Complaint and deemed it to be with merit and has subject matter with time appropriation.

As and for the thirteenth Affirmative Defense,

The Defendant's Attorney miscounted their motion numbers of order and therefore it is without merit to deserve a legal reply to address. furthermore, such opportunity is lost to a error.

As and for the fourteenth Affirmative Defense,

The action of the Defendant's shall not be justified by any actions that are not legal in its nature to arrest a person and commit actions that violate a person's United States Constitutional rights. The Circumstances presented the opportunity to exhibit the Defendant's racial motives and physical abuse while they acted under the Color of State law with Complete disregard to their legal obligated duties. They never reported any damages and injuries sustained by the Plaintiff nor did they attempt to inform anyone of the contents that transpired on such date and time. Instead, they masked their conduct through falsified documents and other evidence, that the truth will be hidden. These are the unjustified actions by the Defendants that was discovered by their circumstances.

As and for the fifteenth Affirmative Defense,

The arrest of the Plaintiff and/or detention is not reasonable and based upon probable cause to believe that the Plaintiff had committed a crime and/or offense. This is clearly based on fabricated lies and manufactured Corruption that was designed by all the relevant Defendants that are named and more. The testimony and statements that were prepared to Commence a Criminal proceeding against the Plaintiff was falsified. Police Officer, Brian Noonan testified that he observed the Plaintiff get out of the driverside of a vehicle at 3:59 a.m. However, he was not the first police unit to arrive at the scene of the accident. It was Police Officer, Brian Garcia who arrived

at the scene of the accident at 4:07:26 according to the Suffolk County Police dispatcher. At 4:07:24 a video in relation show the Plaintiff getting out of the vehicle. So how did Police Officer, Brian Noonan see the Plaintiff drunk driving, fleeing, smell like alcohol, slurred speech and bloodshot eyes when his vehicle unit #707 arrive. This is all supported by uncontradicted evidence provided by the Defendant. Police Officer, Brian Noonan lied during the grand jury proceeding that violated the Plaintiff's United States and New York State's Constitutional rights. Police Officer, Brian Noonan lied to a Judge to obtain a warrant to further violate the Plaintiff's United States and New York State Constitutional rights. Police Officer, Brian Garcia assisted the Defendant to falsify testimony and documents, which established probable cause.

As and for the Sixteenth Affirmative Defense,

The arrest and/or detention, was mandated by a judicial warrant that was based upon false testimony by a witness that was not present during the offense alleged. Therefore, the issuing judge had no other obligation but to believe that everything that the Defendant said was correct and true until the rise of a contradiction appears to defeat such warrant and null and void it. However, the information was derived from a different witness that never made a Department of Police report that he informed the other Police Officer of the findings. The fact that stands is that the warrant was illegally obtained through poisonous evidence that affected the judge's ability to deny the warrant. As in this Civil rights Complaint the truth of the Defendants will expose the corruption that continue to run

rampant amongst the Suffolk County Department of Police.

As and for the Seventeenth Affirmative Defense,

1.) The Defendants committed misconduct of official duties throughout the arrest process that was unreasonable and in bad faith, when they carried out their duties and responsibilities. None of the Defendants made any use of force reports, fake photographs before or after the Plaintiff's physical features nor did they render any amount of aid as a result of their action. Each Defendant conspired with one another to hide the facts that constituted the criminal proceeding illegally. Each Defendant took responsibility in not reporting the matter to someone us a rank official to hold that person accountable. Therefore, they actions are that of a bad seed planted to cover their obligation as a government employee and thereafter must not be considered as duties being administered in good faith when there is no attempt to justify or rectify why no statements was made at the meaningful time.

2.) The Defendants acted solely pursuant to their own malicious judgment that contradicts their duty and responsibilities as law enforcement and/or prosecuting officials of the State of New York. When there is a claim and or awareness by a Plaintiff that the defendant vividly knew was outside of their statutory guidelines of their obligatory duty they must act in good faith with responsibility and demonstrate they efforts and not attempt to justify their actions after its revealed in a Civil Complaint. The wrongful acts of the Defendants will not be undone as the Plaintiff conditions continue to be affected

While incarcerated and pending a criminal proceeding exist.

3.) The defendants have not acted at all times in good faith in that they reasonably believe that they were exercising and acting within their statutory and Constitutional powers. The Defendants failed in reporting the facts of the events that occurred and instead with purpose ignored their obligation to be truthful as they powers entail. Once falsified documents, lying to a judicial body to issue a warrant and planting evidence become a factor, the Defendants are not a Candidate that exercise and administered duties to afford the Plaintiff the protected rights under the United States and New York State Constitution. As aforementioned it was a attempt to conceal their actions of official Corruption to not render a fair and impartial trial against the Plaintiff. This is a illegal tactic that Cultivate a misjustice.

4.) The Defendants are barred by absolute and/or qualified Federal and/or State immunity, when their actions of misconduct are prohibited by related Statutory guidelines. Any Defendant who acts on his/her own behalf while under the Color of State law is to be deemed without immunity, whether Federal and or state employee. The Defendants Conduct is not and was not under a presumption of good faith at the Commencement of the arrest. Once the Defendants entertained the idea of creating falsified documents and evidence associated to a crime their intentions was already Corrupted with poison to cause a significant amount of ill-harm to the Plaintiff. The Defendants never deployed the idea of Correcting their wrongful

administered acts they knew was wrong. The Defendants continue to indulge
in their wrongful acts by not displaying the goodwill of a official integrity.

As and for the Eighteenth Affirmative Defense,

The Defendants are employed by the Department of Suffolk County
Police and its known affiliates. The acts that was committed were not
ones to be discretionary acts at the time, which the choice had
more then moments to think about. There are multiple acts the
Defendants continue to administer as a Police Officer under the
Color of State law thats prohibited. The doctrine of qualified
and/or absolute government immunity is not favorable to the
Defendants when they know and knew that such acts constituted
Police Official misconduct, when they failed to maintain their
obligated duty that continue after the arrest. They failed to
maintain factual recordings and provide adequate information.

As and for the Nineteenth Affirmative Defense,

Each Defendant acted under the Color of State law, when they administered
their duties that became gross and negligent. Each Defendant must
maintain their duty of obligation to protect the Plaintiff's and
or another person's United States and State Constitution thats provided,
without disregard to their Statutory state powers that are invested
in them. The Defendants were and continue to be obligated by
their duty as long as they administer acts on behalf of the
State law. The Statutory conditions prevailed once the Defendants

Committed the illegal acts that gave rise to the Civil Complaint to spawn this action. Which the municipal Defendants conduct contributed to the underlying facts that subjected the Plaintiff to such abuse of authority and discretion.

As and for the twentieth Affirmative Defense,

The Civil rights Complaint established all required Federal and State law Claims once the Defendants administered duties were less then obligated and the acts caused more harm to the Plaintiff then its reasonable protection. The Defendants failed to establish that their acts were noted or reported to a Supervising official for the purpose of being obligated and responsible to do so of due process. Once a Defendant fails in this nature a Statute of limitation do not give them equal protection of the laws as if they did not violate the Statutes or applicable laws. A Statute of limitation is for time barred by a events occurrence establish by law and not a defense if the event is still within the applicable statute.

Wherefore, the Plaintiff seeks the relief of the Court in favor of the Plaintiff that dismissing the complaint is not in the interest of justice. The Plaintiff claims have valid merits and supported truth that are documented and not manufactured to discredit the Defendants character. The Court must decide in the favor of the Plaintiff as a matter of law, when the burden is met and the Claim exist after the establishment of the United States Constitution.

Furthermore, the relief sought by the Plaintiff must be granted and deemed just and proper.

Dated: January 22nd, 2021

_Jordan Randolph_
Signature

Cc: Stacy A. Skorupa
Assistant District Attorney
100 Veteran's Memorial Highway
P.O. Box 1600
Hauppauge, New York 11788-0099

Suffolk County Corr. Facility
110 Center Drive
Riverhead, New York 11901

Hon. Kiyo A. Matsumoto, U.S.D.J
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

Sworn to before me this
15TH day of FEB 2021

_Rachel King_
Notary Public

**RACHEL KING**
Notary Public - State of New York
No. 01KI6401639
Qualified in Suffolk County
My Commission Expires Dec. 16, 2023

Jordan Randolph #643489
Suffolk County Correctional Facility
110 Center Drive
Riverhead, New York 11901

Legal Mail
Legal Correspondence
Urgent Legal Mail

No funds!

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

USMS

ADDITIONAL OUNCE USA

ADDITIONAL OUNCE USA

FOREVER
USA

Barn Swallow