UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JORDAN RANDOLPH,

*Plaintiff*,

– against –

POLICE OFFICER BRIAN NOONAN, *et al.*,

*Defendants*.

**MEMORANDUM & ORDER**
20-cv-04719 (NCM) (LKE)

**NATASHA C. MERLE**, United States District Judge:

Before the Court is the parties' joint motion to stay discovery and all deadlines in this case through December 31, 2026, in light of the continued pendency of the appeal in plaintiff's associated criminal case. For the reasons explained below, that motion is **DENIED**.

## BACKGROUND

### I. Factual Background

This case arises out of a motor vehicle accident in the early morning of January 12, 2020. Compl. 3, ECF No. 1.[1] Plaintiff alleges that while driving that morning, he struck a vehicle that was already overturned. Compl. 3–4. Police officers, including the defendants, responded to the crash. Compl. 4–6. Plaintiff was arrested on the scene. Compl. 4–5. He alleges that in the course of his arrest, defendants beat him, cut off his air supply, and hurled racial ephithets at him. Compl. 4–6. He also alleges that during his

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers. Unless otherwise noted, all references to court filings refer to filings in the instant case.

subsequent hospitalization, his blood was drawn without his consent or a valid warrant. Compl. 5–6. Plaintiff was ultimately charged with driving under the influence, among other charges, in connection with the accident. Compl. 6; *see also* Joint Ltr. Mot. to Stay 1, ECF No. 87 (noting that plaintiff was arrested for multiple charges, the top count for which was Aggravated Vehicular Homicide).

## II. Procedural History

Plaintiff filed his complaint on September 30, 2020, bringing Section 1983 claims against the defendants. Compl. 3. At an initial conference on February 2, 2021, Magistrate Judge Lois Bloom explained to plaintiff that, if this suit were to proceed to discovery, he would have no right against self-incrimination, and defendants would be able to require him to answer questions about the facts underlying his criminal case. *See* Defs.' Ltr. 1, July 26, 2024, ECF No. 60 (recounting conference). Based on plaintiff's responses to that explanation, Magistrate Judge Bloom stayed discovery in the case pending pending the adjudication of plaintiff's criminal charges. Order, Feb. 3, 2021, ECF No. 10. That stay continued for several years, as plaintiff's criminal case wound its way through the state trial and appellate courts.[2]

On July 18, 2024, plaintiff filed a letter indicating that he wished to proceed with discovery despite the fact that his appeal remained pending. Pl.'s Ltr., July 18, 2024, ECF

---

[2] Plaintiff was found guilty in his criminal case following a trial on February 15, 2023. Status Update Ltr, Mar. 13, 2023, ECF No. 41. He subsequently moved to set aside the verdict. Status Update Ltr, Apr. 11, 2023, ECF No. 42. That motion was denied. Status Update Ltr, Jun. 12, 2023, ECF No. 44. He then pursued an appeal. Status Update Ltr, Dec. 18, 2023, ECF No. 52. That appeal remains ongoing. Joint Ltr. Mot. to Stay 1. The parties have not provided any additional information to the Court about the pending appeal or when a final decision is expected.

No. 59.[3] He explained that there would be "no new evidence or testimony" revealed in discovery in this case that would negatively impact his criminal appeal. *Id.* Accordingly, he wished for the case to "move forward without any delays." *Id.* Defendants, noting that the stay was originally plaintiff's request, not theirs, agreed that discovery could and should proceed. *See* Defs.' Ltr. 1–2, July 26, 2024, ECF No. 60.

In light of the parties' agreement, Magistrate Judge Eshkenazi, who had assumed oversight of discovery in the case,[4] set a new initial conference and ordered the parties to complete a revised Proposed Discovery Plan. Scheduling Order dated Aug. 1, 2024. Following that conference, she set a discovery schedule: fact discovery would be completed no later than March 14, 2025, and all discovery would be completed no later than July 14, 2025. Minute Entry and Order dated Sept. 12, 2024.

However, discovery did not end in July 2025. Plaintiff's responses to defendants' interrogatories and document production requests were repeatedly delayed. *See* Defs.' Ltr. Mot. to Compel, ECF No. 66. In light of those delays, Magistrate Judge Eshkenazi extended the discovery deadline by several months, at defendants' request. ECF Order dated Jan. 10, 2025. Discovery was extended again when the parties issued additional discovery requests at the eleventh hour. *See* Joint Ltr. Mot. to Extend Discovery, May 27, 2025, ECF No. 72; ECF Order dated May 28, 2025. When plaintiff failed to provide

3 At the time, plaintiff had recently been granted leave to appeal *in forma pauperis* and appointed counsel. *See* Exhibit 1 to Status Report June 25, 2024 (Decision & Order on Mot., *People v. Randolph*, No. 2023-06390, Ind. No. 70183/2020, 2024 WL 1046700 (N.Y. App. Div. 2d Dep't Mar. 11, 2024)), ECF No. 57-1.

4 Magistrate Judge Eshkenazi is the magistrate judge currently assigned to this case. She replaced Magistrate Judge Cho, who in turn had replaced Magistrate Judge Bloom during the pendency of the stay ordered in February 2021. *See* Case Reassignment Notice, Apr. 22, 2021; Case Reassignment Notice, Jun. 25, 2024.

defendants with the HIPAA release forms necessary to obtain certain important discovery in September 2025, defendants sought and received another extension. *See* Defs.' Ltr. Mot. to Extend Discovery, Sep. 11, 2025, ECF No. 76; ECF Order dated Sep. 12, 2025. After plaintiff provided those forms, some of the third-party medical providers failed to respond promptly to defendants' subpoenas, leading the parties to request, and Magistrate Judge Eshkenazi to grant, two additional rounds of extensions. *See* Joint Ltr. Mot. to Extend Discovery, Nov. 13, 2025, ECF No. 79; ECF Order dated Nov. 17, 2025; Joint Ltr. Mot. to Extend Discovery, May 8, 2026, ECF No. 84; ECF Order dated May 12, 2026. To date, in total, discovery has been delayed by over a year, from July 14, 2025, to November 6, 2026.[5] *Compare* Minute Entry and Order dated Sept. 12, 2024, *with* ECF Order dated May 28, 2026.

On July 6, 2026, plaintiff filed a letter motion requesting the Court stay his case again, explaining that he was presently "unable to accept a term of settlement" in light of his still-pending criminal appeal. Pl.'s Ltr. Mot. to Stay, July 6, 2026, ECF No. 86. The Court denied that stay, explaining that "the existence of settlement talks or the potential for alternative dispute resolution is not, standing alone, sufficient to establish good cause for an extension of the case management deadlines." ECF Order dated July 7, 2026 (quoting *Reid v. A-Plus Care HHC Inc.*, No. 23-cv-01163, 2024 WL 3219795, at *3 (S.D.N.Y. June 28, 2024)).

---

5 During that extended discovery period, plaintiff was deposed. *See* Joint Ltr. Mot. to Extend Discovery, May 27, 2025. That deposition removed the main consideration in favor of a stay pending the outcome of his criminal appeal. *See Hicks v. City of New York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003) (noting that "the strongest argument for granting a stay is where a party is under criminal indictment[,] because proceeding in related civil and criminal proceedings could . . . undermine [the] party's Fifth Amendment privilege against self-incrimination").

Despite the Court's denial of plaintiff's motion, the defendants renewed and and joined plaintiff's request to stay the case on July 16, 2026. *See generally* Joint Ltr. Mot. to Stay. The Court addresses that revived motion here.

**DISCUSSION**

The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed. *See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-9311, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) ("[W]hen delays are multiplied over and over for one reason or another in one case after another, . . . the net result is the build-up of a paralyzing backlog of pending cases."); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980) ("Burgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination.").[6] One tool in a court's toolbox for managing its cases is the power to stay—or refuse to stay—a case. *See Joiner v. NHL Enters., Inc.*, No. 23-cv-02083, 2024 WL 639422, at *1 (S.D.N.Y. Feb. 15, 2024). "A stay is an intrusion into the ordinary processes of administration and . . . accordingly is not a matter of right" for the parties. *Nken v. Holder*, 556 U.S. 418, 427 (2009) (discussing stays pending appeal). Instead, the decision of whether to stay a case, intruding into those processes, is one "that rests firmly within a district court's discretion." *Joiner*, 2024 WL 639422, at *1. In this Circuit, when deciding whether to grant a stay, courts have typically considered:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the

---

6 Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

> defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); *see Est. of Heiser v. Deutsche Bank Tr. Co. Americas*, No. 11-cv-01608, 2012 WL 5039065, at *2 (S.D.N.Y. Oct. 17, 2012) (noting that the *Kappel* test "originated in the context of a stay pending resolution of concurrent criminal matters"). The party seeking a stay "bears the burden of establishing its need." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012).

The parties urge that the *Kappel v. Comfort* factors support a stay in this case because the parties have considered settlement of the case but are hampered in their efforts to do so by the pendency of plaintiff's criminal appeal. *See generally* Joint Ltr. Mot. to Stay. Specifically, they explain that a judgment has been entered against plaintiff in his criminal case, and, as a result, any settlement he accepts in this case could be garnished to fulfill that judgment, even though it is not yet final. *Id.* 1. They urge that (1) allowing garnishment of plaintiff's settlement award for a judgment that is not yet legally final would prejudice plaintiff and (2) proceding with expensive and time-consuming discovery in a case that might ultimately settle would prejudice the defendants and waste the court's resources. *Id.* 2–3.

However, the parties have affirmatively waived their request to stay this case pending the outcome of the criminal appeal. "Waiver will be found where a party affirmatively tells a court it has no objections in response to a court's request for objections." *United States v. Bishop*, No. 25-cr-02157, 2026 WL 796546, at *2 (2d Cir. Mar. 23, 2026) (summary order). Two years ago, plaintiff and defendants informed the magistrate judge in this case in writing that they wished to proceed with discovery despite plaintiff's ongoing criminal appeal. Pl.'s Ltr., July 18, 2024; Defs.' Ltr. 1–2, July 26, 2024.

Thus, any request to further stay this case that is premised on the pendency of that same appeal has been waived.

Even if their request were not waived, though, the Court would still deny a stay. First, the Court is not persuaded that payment of a criminal judgment, even one not yet confirmed on appeal, amounts to undue prejudice to the plaintiff that would warrant a stay under the *Kappel v. Comfort* factors here. And indeed, the parties cite no authority for that proposition. *See* Joint Ltr. Mot. to Stay 3 (acknowledging that the interests of plaintiff's judgment creditors may be implicated by a stay but asserting—without citation—that plaintiff's own interests are the "primary equitable concern here"). Moreover, the parties have not provided any evidence that plaintiff's settlement award would indeed be garnished and that he would not be able to recoup it if it were. (For example, they have not represented that there is not a process in state court for the funds to be placed in escrow.)

Nor is the Court convinced by the parties' generalized appeals to the prospect of settlement or their more specific appeals to the burdens of discovery on defendants and on the Court's own resources. As explained in this Court's July 7, 2026, order, "the existence of settlement talks or the potential for alternative dispute resolution is not, standing alone, sufficient to establish good cause for an extension of the case management deadlines." ECF Order dated July 7, 2026 (quoting *Reid*, 2024 WL 3219795, at *3). Importantly, the parties have not represented that avoiding plaintiff's money judgment is the only roadblock to settlement. In other words, they have not represented to the Court that the matter would be settled but for the judgment in plaintiff's criminal case. Thus, the mere propect of settlement cannot carry the day. And while it is true that settlement can spare litigation efforts for both parties and the Court, *see Albert v. Blue Diamond*

*Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017), "[d]elay is also costly to the court system, demanding more time and energy from the court and retarding the disposition of cases," *Cerrone v. Cahill*, No. 95-cv-00241, 2001 WL 1217186, at *12 (N.D.N.Y. Sept. 28, 2001) (quoting *Guzman-Rivera v. Rivera-Cruz*, 98 F.3d 664, 667 (1st Cir. 1996)). Six years into the pendency of this action, the Court finds that the costs of continued delay outweigh the burdens identified by the parties.

Moreoever, even if the Court were moved by plaintiff's garnishment concerns or the defendants' burden arguments, it would be hard-pressed to grant the stay requested because the parties have not suggested that the appeal will even be complete at the end of it. Indeed, they have not provided any information as to the status of the appeal: they have not told the Court whether the briefs in that case have been filed; whether it has been argued; or when a decision can be expected. Instead of tying their request to that anticipated timeline, they have requested a stay through December 31, 2026. They have not indicated any belief that the appeal will be decided by that time. Instead they have explained that December 31 is the end of the stay they have been granted in a different, unrelated civil case – one that has not been pending for six years. Joint Ltr. Mot. to Stay 5 (pointing to *Randolph v. Bouchard et al.*, No. 23-cv-08981 (E.D.N.Y. Dec. 5, 2023)). That cannot carry their burden to demonstrate that the stay they seek is advisable here.

In light of the parties's waiver of a stay pending appeal and the balance of the costs and burdens described above, the time for staying this action pending the outcome of plaintiff's criminal appeal has passed.

## CONCLUSION

For the reasons explained above, the parties' joint motion to stay the case is **DENIED**. Pursuant to the Court's July 28, 2026, Order, the deadline to complete fact and expert discovery in this matter is November 6, 2026.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: August 12, 2026
Brooklyn, New York